1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erica Kitchener, | No. CV-13-00049-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Servisair USA Inc.; British Airways PLC Inc., | |
| Defendants. | |

The court has before it plaintiff's motion to amend (doc. 9), defendant Servisair USA Inc.'s ("Servisair") response (doc. 18), and defendant British Airways PLC Inc.'s ("British Airways") joinder to Servisair's response (doc. 21). Plaintiff did not reply, and the time for doing so has expired.

On September 15, 2011, while operating a vehicle at Phoenix Sky Harbor Airport, plaintiff suffered injuries resulting from a collision with wheel blocks. Plaintiff filed this action in the Superior Court of Arizona in Maricopa County naming as defendants, Servisair, British Airways, John Does I-X and Jane Does I-X, ABC Partnerships I-X, and XYZ Corporations I-X (doc. 1-1). Servisair timely removed the action to this court pursuant to 28 U.S.C. § 1332. Plaintiff now seeks to amend the complaint to add "Unknown Named Employee of Servisair USA Inc." ("Unknown Employee"), a citizen of Arizona, as an additional defendant. Defendants oppose the motion on the ground that plaintiff is joining Unknown Employee in bad faith solely to destroy diversity jurisdiction. Neither party

disputes that adding Unknown Employee would destroy diversity jurisdiction.

Where plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, we consider the following factors: (1) whether the party sought to be joined is a necessary party under Rule 19(a), Fed. R. Civ. P.; (2) the plaintiff's motive for seeking joinder; (3) the delay adding the new defendant; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied. Huffman v. American Family Mut. Ins. Co., 2011 WL 814957, *1 (D. Ariz. 2011).

Here, plaintiff alleges that Unknown Employee is an employee of Servisair who performed negligent acts within the course and scope of his employment. Proposed Amended Complaint ¶¶ 4-6. Plaintiff's claim against Unknown Employee appears valid, and the motion to amend was timely filed. On balance, however, the factors favor denying amendment. The Unknown Employee is not a necessary party in this action because Servisair is liable for its employee's torts under respondeat superior, and complete relief can be afforded among the existing parties. Because plaintiff has not refuted defendants' argument that plaintiff's motive is solely to destroy diversity jurisdiction, her motive is suspect. Moreover, the statute of limitations does not preclude any state law claim against Unknown Employee. Finally, plaintiff is not prejudiced if the amendment is denied. If plaintiff's claim against defendants is valid, she will prevail regardless of whether Unknown Employee is joined as a defendant. Moreover, if she prevails, plaintiff will be able to recover from defendants more easily than she could from an employee individually. Therefore, **IT IS ORDERED DENYING** plaintiff's motion to amend (doc. 9).

DATED this 17th day of April, 2013.

_Frederick J. Martone_
Frederick J. Martone
Senior United States District Judge

- 2 -